UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAMANTHA ALFARO and GREGORY JOHN TORREZ,<br><br>             Plaintiffs,<br>   v.<br><br>D. LAS VEGAS, INC.; EDGAR VINICIO VALLEJO; and DOES 1-20, inclusive,<br><br>             Defendants. | Case No. 2:15-cv-02190-MMD-PAL<br><br>ORDER |
| D. LAS VEGAS, INC. and EDGAR VINICIO VALLEJO,<br><br>             Counter-Claimants,<br>   v.<br><br>GREGORY JOHN TORREZ,<br><br>             Counter-Defendant. | |

## I.   SUMMARY

Before the Court is Plaintiffs' Objection to Magistrate Judge's Order ("Objection"). (ECF No. 42.) The Objection is filed on behalf of both Plaintiffs Gregory John Torrez ("Torrez") and Samantha Alfaro ("Alfaro"). (*Id.*) Defendants filed a response. (ECF No. 47.) Counter-Defendant Gregory John Torrez ("Counter-Defendant") filed a response, which addresses the Objection as it relates to Alfaro.[1] (ECF No. 46.) The Court subsequently granted Defendants' motion to strike Alfaro's complaint and overruled her

---

[1] Counter-Defendant had moved to preclude Alfaro from offering expert testimony (ECF No. 24), which the Magistrate Judge granted (ECF No. 38 at 29).

Objection as moot.[2] (ECF Nos. 48, 49.) This Order addresses the Objection as its relates to Torrez. For the reasons discussed herein, the Court affirms the Magistrate Judge's Order ("Order").

## II.   RELEVANT BACKGROUND

The Order presents the relevant factual background and the procedural history of this case, which the parties do not dispute. Accordingly, the Court relies on the same in addressing the Objection. For purposes of brevity, the Court will summarize only the facts relevant to the Objection.

In Plaintiffs' initial disclosure under Rule 26(a) on December 24, 2015, they identified eight healthcare providers who treat Torrez.[3] (ECF No. 26-1 at 6-9.) Plaintiffs' supplemental disclosures served on February 8, 2016, identified the same providers and stated that these providers are expected to testify as to their evaluation and treatment of Torrez and to offer expert testimony that "the treatment rendered to Plaintiff and/or future treatment recommended . . . was and is reasonably medically necessary; [that the reasonable medical necessity of such treatment was caused by the incident(s) described in Plaintiff's Complaint; and [] that the costs for such past and future treatment . . . are reasonable and customary." (ECF No. 26-4 at 18.) The supplemental disclosures further state that these providers are "expected to testify as treating physicians and as experts regarding the injuries sustained; past, present and future medical treatment and impairment; prognosis; disability; pain and suffering; disfigurement; causation; and the reasonableness and necessity of all care and billing as it relates to Plaintiff, as well as the authenticity of their medical records and the cost of their services rendered." (*Id.* at 18-19.) They also state that these providers "will opine regarding future treatment[,] pain management procedures [and] all of the treatment in this case . . ." (*Id.* at 19.)

---

[2]In doing so, the Objection as its relates to Torrez was erroneously terminated from the Court's internal tracking system. The Court appreciates counsel's persistence in raising this administrative error, which had gone unnoticed despite counsel's May 30, 2017, filing (ECF No. 51).

[3]As the Magistrate Judge noted, the disclosures identified eleven treatment providers and seven of them treat both Plaintiffs. (ECF No. 38 at 6 & n. 2.)

2

The Magistrate Judge found that Plaintiffs failed to comply with Fed. R. Civ. P. 26(a)(2)(B) and (C). (ECF No. 38.) In particular, the Magistrate Judge found that treating physicians providing opinions on causation, diagnosis, prognosis, and the extent of disability are required to provide Rule 26(a)(2)(B) report if their opinions were based on information provided outside the course of treatment. (*Id.* at 11-24.) She concluded that Plaintiffs failed to comply with Rule 26(a)(2)(B) to the extent any of the treating physicians Torrez identified were expected to testify about information not acquired or relied upon during Torrez's treatment. (*Id.*) The Magistrate Judge found that Torrez failed to comply with Rule 26(a)(2)(C) because the relevant disclosures do not contain a "summary of the facts and opinions to which the witness is expected to testify." (*Id.* at 21-22, citing Fed. R. Civ. P. 26(a)(2)(C)(ii).) The Magistrate Judge explained the reasons for this finding in part as follows:

> The initial disclosure and supplemental disclosures do not even identify the conditions for which Plaintiffs were treated, their diagnosis or prognosis, or the course of treatment provided. No information at all is provided linking any injury claimed by either Plaintiff to the accident in this case. The identical descriptions of expected testimony that Plaintiffs provided for all 11 treating physicians and providers are so generic, unhelpful, and boilerplate they could apply to any virtually any case.

(*Id.* at 22.) Based on these findings and additional findings that Plaintiffs' violation was willful, the Magistrate Judge imposed preclusion sanctions. (*Id.* at 24-28.)

Torrez challenges the Magistrate Judge's finding that his disclosures failed to comply with Rule 26(a)(2)(C) and moreover, claims that his disclosures did include the required "summary of opinions." (ECF No. 42.) He argues preclusion sanctions is not proper because he complied with Rule 26(a)(2)(C). (*Id.*)

### III.   STANDARD OF REVIEW

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary

3

to law."). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (*citing United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

**IV.   DISCUSSION**

**A.   Rule 26(a)(2)(C)**

Torrez does not dispute that his disclosures of his treatment providers must comply with Fed. R. Civ. P. 26(a)(2)(C), but he insists that his disclosures were compliant. Torrez fails to show that the Magistrate Judge's ruling is clearly erroneous or contrary to law.

Rule 26(a)(2)(C) requires that the disclosure must state "(i) the subject matter on which the witness is expected to testify [] and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The Advisory Committee Notes to the 2010 amendments to Rule 26 explain that "Rule 26(a)(2)(C) is added to mandate summary disclosures of opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." Fed. R. Civ. P. 26 Advisory Comm. Notes (2010). The Advisory Committee Notes did caution courts "against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *Id.*

Torrez contends that his disclosures complied with Rule 26(a)(2)(C)'s requirements. According to Torrez, his disclosures reveal that the expert opinions are

4

"that the treatment rendered to Plaintiff . . . was and is reasonably medically necessary; that the reasonable medical necessity of such treatment was caused by the incident(s) described in Plaintiff's Complaint; and that the costs for such past and future treatment rendered and/or recommended by this provider are reasonable and customary." (ECF No. 42 at 7.) However, these are boilerplate statements that do not reveal any information, let alone a summary of what opinions the witnesses will offer or what facts support these opinions. Of course Torrez's expert witnesses would be expected to testify that the treatment received was reasonably medically necessary, otherwise Torrez would not have designated the witnesses to testify on his behalf. However, the disclosures do not provide any real opinion, such as the nature of the injuries or treatment or the reason why the treatment was necessary. They also do not provide any summary of facts to support the opinions. As the Magistrate Judge aptly noted, Torrez's disclosures do not provide enough information to allow opposing counsel to make informed decisions about which providers to depose, how to meaningfully depose them and whether to retain rebuttal experts. (ECF No. 38 at 23.) Torrez thus cannot demonstrate that the Magistrate Judge's findings that his disclosures failed to comply with Rule 26(a)(2)(C) is clearly erroneous or contrary to law.

### B. Preclusion Sanctions

The Ninth Circuit Court of Appeals has instructed that if the preclusion order "amount[s] to dismissal of a claim," the district court must consider (1) whether the noncompliance involved willfulness, fault, or bad faith, and (2) the availability of lesser sanctions. *R & R Sails, Inc. v. Ins. Co. of Penn.,* 673 F.3d 1240, 1247 (9th Cir. 2012). The Magistrate Judge's preclusion sanctions ruling followed these instructions.

The Magistrate Judge examined Plaintiffs' disclosures in the context of this case and found that Plaintiffs' violation is willful because they "intentionally made disclosures designed to give as little information as possible despite the requirements of Rule 26(a)(2)(C)." (ECF No. 38 at 27.) The Magistrate Judge further offered the following reasons for finding willful violations:

5

> In opposing these motions, Plaintiffs did not ask for an opportunity to cure these defects, or claim the defects were curable. Plaintiffs gave the court no information at all about their injuries, how many treating providers were expected to offer opinions, or what opinion any of their treating physicians would offer. No information was provided concerning whether those opinions were based on treatment, or rendered at the request of counsel for purposes of litigation. Under these circumstances, the court concludes Plaintiffs' failure to comply with their Rule 26(a)(2) disclosure obligations was, at a minimum, a result of refusal to provide the information required under Rule 26(a)(2)(C) and erroneous reading of Rule 26(a).

(*Id.*) The Court agrees.

Torrez raises two primary arguments against the Magistrate Judge's imposition of preclusion sanctions. First, he reiterates his position that he did provide the disclosures required under Rule 26(a)(2)(C). (ECF No. 42 at 20-21.) He argues that he disclosed the subject matter of the expert witness's expected testimony and summary of the witness's opinion. (*Id.*) While he acknowledges that the only potential deficiency was in the disclosures' compliance with the "summary of facts" requirement, he insists that "any deficiency in that portion stemmed not from bad faith, fault, or willfulness, but from ambiguity and uncertainty about the Rule's requirements." (*Id* at 20.) However, Rule 26(a)(2)(C) unambiguously requires that the disclosure must include "a summary of facts." The disclosures here provided no such summary. Moreover, the Court agrees with the Magistrate Judge's finding that Torrez failed to comply with Rule 26(a)(2)(C). *See* discussion *supra* at Sect. IV(A).

Second, Torrez contends that the timing of the expert witness disclosures—made three months before the deadline—is evidence of a lack of bad faith. (ECF No. 42 at 21.) Torrez reasoned that by providing the disclosures well in advance of the deadline, he gave Defendants time and opportunity to confer if Defendants found the disclosures to be deficient. However, as the Magistrate Judge correctly noted, Rule 26(a)(2)(C) imposes a duty on the party making the disclosure to provide the required disclosures, not to provide "as little information as possible." (ECF No. 38 at 27.) A party cannot evade its obligations and put the burden on the opposing party to point out what information is deficient. Thus,

///

6

the starting point for compliance with Rule 26(a)(2)(C) is to comply, not as the case here, to provide meaningless disclosures and put the burden on the opposing party to object.

In sum, the Court agrees with the Magistrate Judge's finding that Torrez failed to comply with Rule 26(a)(2)(C)'s disclosure requirements and his failure was willful. The Court further finds that the Magistrate Judge carefully considered the appropriate sanctions and agrees that preclusion sanctions is appropriate.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Objection.

It is therefore ordered that Plaintiff Gregory John Torrez's Objection to Magistrate Judge's Order (ECF No. 42) is overruled. The Court affirms the Magistrate Judge's Order.

DATED THIS 26th day of July 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE